UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | Case No. 21-11026 |
| WILLIAM PALMER DEBOARD and | ) | Chapter 7 |
| AND TINA JEAN DEBOARD, | ) | |
| | ) | |
| DEBTORS | ) | |
| _____ | ) | |
| | ) | |
| MARTIN E. SEIFERT, TRUSTEE, | ) | Adversary Proceeding No. 22-_____ |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| WILLIAM PALMER DEBOARD and | ) | |
| AND TINA JEAN DEBOARD, | ) | |
| | ) | |
| DEFENDANT | ) | |

**COMPLAINT TO REVOKE DISCHARGE AND FOR MONEY JUDGMENT**

Martin E. Seifert, Trustee, for his Complaint against William Palmer Deboard and Tina Jean Deboard, (collectively "Debtors"), alleges and states as follows:

**JURISDICTION**

1. This is an adversary proceeding to revoke the Debtors' discharge pursuant to 11 U.S.C. § 727(d)(3) and §727(a)(6).

2. This Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

3. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7008.

4. Venue over this adversary proceeding is properly in this District and this Division pursuant to 28 U.S.C. § 1409.

5. This matter is properly before this court as an adversary proceeding pursuant to Bankruptcy Rule 7001.

6. This adversary proceeding relates to the main case of *Matter of William Palmer Deboard and Tina Jean Deboard*, Bankruptcy Case No. 21-11026 (Chapter 7) in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division.

## PARTIES

7. Plaintiff, Martin E. Seifert, is the duly appointed Chapter 7 Trustee in the case of *Matter of William Palmer Deboard and Tina Jean Deboard*, Bankruptcy Case No. 21-11026 (Chapter 7) in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division.

8. William Palmer Deboard and Tina Jean Deboard are the Debtors in the above-referenced case.

## CLAIMS

### COUNT 1 - CLAIM FOR REVOCATION OF DISCHARGE

For the cause of action against the Debtors, William Palmer Deboard and Tina Jean Deboard, the Trustee alleges and states as follows:

9. On August 17, 2021, the Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

10. The Debtors' discharge was entered on November 29, 2021.

11. At their first meeting of creditors, the Trustee advised the Debtors that they needed to turn over copies of their 2021 federal and state income tax returns and would need to turn over those tax refunds.

12. The Debtors testified at their Section 341 meeting that their daughter and three grandchildren lived with them for over one year, and in all of 2021 up to the date of filing. They testified that the Department of Child Services appointed them the guardians of the three grandchildren and that the Department of Child Services was reviewing their right to claim the grandchildren as dependents on their tax returns. Trustee demanded turnover of the tax returns and tax refunds and cautioned Debtors that they would need to claim the three dependents or provide an explanation why they were unable to do so.

13. The Debtors turned over their 2021 federal and state income tax returns, but failed to claim any dependents or provide any explanation why the dependents were not claimed.

14. The Trustee calculated that the prorated portion belonging to the bankruptcy estate was $4,343.47 based on 3 dependents being claimed and demanded the same.

15. On July 6, 2022, the Court ordered the Debtors to turnover the amount of $4,343.47 to Martin E. Seifert, Trustee.

16. The Debtors have refused to provide the Trustee with the $4,343.47 as ordered by the Court.

**WHEREFORE**, Plaintiff, Trustee, requests that the discharge of the Debtors, William Palmer Deboard and Tina Jean Deboard, be revoked for their refusal to obey a lawful order of this Court, as provided in 11 U.S.C. § 727(a)(6) and §727(d)(3), and for all other just and proper relief in the premises.

## COUNT 2 - CLAIM FOR MONEY DAMAGES

17. The Trustee incorporates the previous allegations as if stated here.

18. Pursuant to the information provided by the Debtors, the prorated amount belonging to the bankruptcy estate is $4,343.47.

19. The Debtors have refused to turn over this property of the estate despite the Court's order.

**WHEREFORE**, the Trustee requests a judgment against the Debtors in the amount of $4,343.47, plus interest and costs.

**Dated:** October 6, 2022

        **Respectfully submitted,**

        **CHAPTER 7 TRUSTEE**
        **444 EAST MAIN STREET**
        **FORT WAYNE, INDIANA 46802**
        **TELEPHONE: (260) 426-0444**
        **FAX: (260) 422-0274**
        **EMAIL:** mseifert@hallercolvin.com

        **BY: /s/ *Martin E. Seifert***
           **MARTIN E. SEIFERT**
           **I.D. #16857-02**